IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division



FILED
IN OPEN COURT

AUG 2 2 2024

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:24-cr-180-PTG |
| RYAN MACAULAY, | |
| *Defendant.* | |

## PROTECTIVE ORDER

Before the Court is the parties' Joint Motion for Entry of a Stipulated Protective Order, which restricts the disclosure and dissemination of certain documents, electronic records, and other information produced by the United States to the defendant for purposes of discovery in this case. These documents, electronic records, and other information (the "Protected Documents"), shall be subject to the following Order:

*Protections for All Protected Documents*

1.  The government shall disclose Protected Documents to the defendant through the defendant's attorneys of record as part of its discovery obligations consistent with the Federal Rules of Criminal Procedure and relevant case law.

2.  The Protected Documents may be used in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

3.  The defendant and defense counsel shall not disclose the Protected Documents or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses,

and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

4. The defendant, defense counsel, and authorized persons shall not copy or reproduce the Protected Documents except in order to provide copies of the materials for use in connection with this case by defendants, defense counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials. The defendant, defense counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the Protected Documents, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials. Potential witnesses and their counsel may be shown copies of the Protected Documents as necessary to prepare the defense, but they may not retain copies without prior permission of the Court.

5. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be destroyed or returned to the United States, unless otherwise ordered by the Court. The Court may require a certification as to the disposition of any such materials.

6. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of the materials in judicial proceedings in this case, except as described herein.

7. If defense counsel seeks to remove any documents, electronic records, or other materials produced by the United States from the scope of this Order, defense counsel must notify government counsel in writing of the specific materials sought to be removed, allow the government a reasonable time to respond, and confer in good faith to resolve any dispute. If after

conferring a dispute cannot be resolved. the parties will submit the issues requiring resolution to the Court.

### *Additional Protections for PII Documents*

The discovery provided by the government to the defense in discovery may contain Personally Identifiable Information or PII (*e.g.*, social security numbers, dates of birth, driver's license numbers, home addresses, passport information, email addresses, financial account numbers, or other financial account information belonging to third parties). To protect the privacy of third-parties, Protected Documents containing PII (the "PII Documents") shall be subject to the following additional protections.

8.     Defense counsel may show unredacted copies of PII Documents to the defendant but may not allow the defendants to keep any PII Documents or to write down or otherwise retain any PII contained within any discovery. If defense counsel wishes to provide the defendants with certain copies of PII Documents, any PII must first be redacted.

9.     Defense counsel may distribute unredacted copies of PII Documents to other attorneys, paralegals, investigators, experts, and others employed by or providing expertise to counsel of record and performing work on behalf of such defendant, who may use such discovery solely for the purpose of preparing a defense in this case. Any person or entity receiving PII Documents from defense counsel shall not further disseminate these materials to any person or entity, and defense counsel shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Order.

10.     Defense counsel shall not otherwise distribute or disseminate PII Documents to any person or entity.

11. At the conclusion of this case, and any direct appeal from or collateral attack on these proceedings, defense counsel shall ensure that any and all copies PII Documents, including copies distributed to any other person or entity, shall promptly be destroyed or returned to the government at a time and in a manner consistent with the ethical obligations of defense counsel, unless expressly permitted by the Court.

12. Should the defense seek to use or introduce as evidence of PII Documents in this case during the trial of this matter, the defense will notify the government prior to trial, any PII Documents that it wishes to make part of the public record that would be available on the PACER/ECF system, the defense will prepare and file sealing motions and proposed orders. Where possible, defense counsel must redact any PII in accordance with Federal Rule of Criminal Procedure 49.1 and the Local Rules.

IT IS SO ORDERED.

/s/
Patricia Tolliver Giles
United States District Judge

Date: 8/22/24
Alexandria, Virginia

By: _____
The Honorable Patricia T. Giles
United States District Judge

We ask for this:

_____
Rammy Barbari
David Benowitz
*Counsel for Defendant*

_____
Christopher J. Hood
Kristin Starr
*Assistant United States Attorneys*

6